UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                       Case No. 08-20384
                                       Hon. Victoria A. Roberts

D-1   JONATHONE J. JOHNSON,

      Defendant.
_____

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

**I. Introduction**

Jonathone J. Johnson filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255, asserting that his Sixth Amendment constitutional right to effective assistance of counsel was violated. Johnson pled guilty to wire fraud in violation of 18 U.S.C. § 1343.

Johnson claims that counsel was ineffective in arguing the loss amount because he: (1) failed to request an evidentiary hearing regarding the loss amount; (2) failed to object to the basis for the loss estimate; (3) knowingly submitted an unclear sentencing memorandum and; (4) failed to argue the different interpretations of loss. He also claims that counsel was ineffective: (5) during the "pre-plea" stage, rendering his Rule 11 Plea Agreement ("Rule 11") unknowing and involuntary and; (6) in negotiating an appeal waiver.

Finally, Johnson argues that appellate counsel was ineffective because he: (7) failed to appreciate the waiver and led Johnson to believe that he had a right to appeal his sentence and; (8) failed to notify him of the Government's motion for increased restitution and failed to investigate the Federal Deposit Insurance Corporation's ("FDIC") loss claim.

The court sentenced Johnson to 87 months in prison and 3 years of supervised release. He was also ordered to pay restitution in the amount of $90,000 to various banks and mortgage lenders. The Government filed a motion to increase the restitution amount to $678,000; it was granted on February 28, 2012.

Johnson seeks to set aside his sentence and have the Court impose a sentence in accord with the "gain" proceeds ($912,717.30), with a sentencing guideline of 46-57 months. He also seeks to correct his restitution amount to $70,250, to be paid to the FDIC.

For the reasons stated, Johnson's motion is denied.

## II. Statement of Facts

Following his conviction, Johnson filed a Notice of Appeal challenging the loss amount. Johnson says the Rule 11 preserved his right to appeal the Court's loss calculations. The Government filed a motion to dismiss the appeal based on the appeal waiver provision in the Rule 11. Johnson said he unknowingly entered into the Rule 11 due to: (1) ineffective assistance of counsel and (2) the Court's failure to explain his rights to him.

The Sixth Circuit granted the Government's motion to dismiss on July 16, 2013. Johnson requested a rehearing en banc; the Sixth Circuit denied it on August 19, 2013. On November 15, 2013, Johnson filed a petition for a *writ of certiorari* to the United States Supreme Court, which was denied on January 14, 2014. Johnson then filed the pending habeas petition.

## III. Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

"A prisoner seeking relief under [§] 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was fundamental as to render the entire proceeding invalid.'" *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006). Johnson alleges an error of constitutional magnitude; he claims his Sixth Amendment right to effective assistance of counsel was violated by trial and appellate counsel.

## IV. Analysis

### A. Johnson's Petition is Timely Under 28 U.S.C. § 2255(f)(1)

The Government challenges the timeliness of Johnson's petition. The argument is unavailing.

Under 28 U.S.C. § 2255(f)(1), "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final…" "[A] conviction becomes final at the conclusion of direct review… As a general rule, direct review for a federal prisoner who files a petition for certiorari with the Supreme Court concludes when the Court either denies the petition or decides the case on the merits." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2011) (citing *United States v. Torres,* 211 F.3d 836, 839 (4th Cir.2000)).

Johnson's habeas petition is timely; he had one year from January 14, 2014 to file it; he filed on December 18, 2014.

The Government ignores the fact that Johnson filed a timely petition for rehearing en banc. According to the Government, Johnson's 90 day limit to file a timely petition for writ of certiorari began tolling when the Sixth Circuit first denied Johnson's direct appeal of his sentence, not when he filed a petition for rehearing en banc. This is incorrect. According to Rule 41(d)(1) of the Federal Rules of Appellate Procedure, "The timely filing of a petition…for rehearing en

3

banc…stays the mandate until disposition of the petition…" *See*, *e.g.*, *Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013) (cert. denied sub nom. *Mason v. Johnson*, 134 S.Ct. 1937, 188 L.Ed. 2d 964 (2014) (a timely filing for rehearing stays the court's mandate until after the denial of the petition for rehearing).

Because Johnson filed a timely petition for rehearing en banc and then a timely petition for *writ of certiorari* in the Supreme Court, he had until January 15, 2015 to file his habeas petition. By filing it on December 18, 2014, Johnson was well within the one year statute of limitations period.

**B. Ineffective Assistance of Counsel claim is dismissed with respect to appeal waiver; Johnson has not demonstrated that Trial Counsel prejudiced him.**

Johnson says his trial counsel was ineffective for negotiating an appeal waiver in the Rule 11 without notifying him; forfeiting his right to appeal his sentence; and, misguiding him on his forfeited appeal rights. He also alleges that since trial counsel failed to effectively advise him during the pre-plea stage, the Rule 11 was unknowingly and involuntarily signed.

To prevail on a claim of ineffective assistance of counsel, Johnson must show that (1) his counsel's performance was so deficient that it was not in accord with Sixth Amendment standards, and (2) he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The Proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688.

To show prejudice, Johnson must establish a "reasonable probability" that the outcome of the proceedings would have been different but for his attorney's alleged mistake. *Id.* at 694. "The standard demands that [Johnson] show that his Trial Counsel's deficiency is 'sufficient to undermine confidence in the outcome.'" *Id.*

The Court rejects Johnson's assertion that he unknowingly and involuntarily agreed to the

Rule 11. Johnson says that he was misled by his trial counsel throughout his "pre-plea and sentencing phases as it relates to his ability to challenge his sentence."

The Sixth Circuit holds "even if [a] [p]etitioner was mistaken or misadvised about his plea, he is not entitled to habeas relief." *Riley v. Rapelje*, No. 2:08-CV-11574, 2010 WL 1848853, at *5 (E.D. Mich. May 7, 2010)(not reported)(*citing Ramos v. Rogers*, 170 F.3d 560, 565)). "A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea." *Id.* The Sixth Circuit also notes that "[i]f we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless…" *Ramos*, 170 F.3d at 566. The plea colloquy process exists to prevent petitioners from asserting that they unknowingly and involuntarily agreed to a plea agreement. *Id.* "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States,* 781 F.2d 85, 90 (6th Cir. 1986).

At the Johnson plea hearing, he acknowledged he read and understood the terms of the appeal waiver. The Court also complied with Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure, "which requires that, before a guilty plea is accepted, the court must inform the defendant of, and determine that the defendant understands, the terms of any appellate-waiver provision in the plea agreement." *In re Acosta,* 480 F.3d 421, 422 (6th Cir. 2007)(*quoting United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005)). The Rule 11 stated that "[i]f the sentence imposed does not exceed the maximum penalties allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence." Johnson "affirmed, under oath, that he read his agreement with his lawyers… and… fully understood its terms." *United States v. Johnson,* No. 12-1699, Order Dismissing Appeal, at 5 (6th Cir. July 16, 2013). "Johnson and his lawyer signed the Rule 11, which clearly articulated the limited instances in which Johnson would

5

retain his right to appeal his sentence." *Id.*

Johnson knowingly and voluntarily agreed to the Rule 11 containing the appeal waiver provision.

### C. Ineffective Assistance of Counsel claim with respect to loss calculation is dismissed; Johnson fails to demonstrate prejudice.

Johnson alleges that his attorney was ineffective based on a number of decisions related to the loss calculation. Johnson claims that counsel was ineffective because he: (1) failed to request an evidentiary hearing regarding the loss amount; (2) failed to object to the basis of the loss estimate; (3) knowingly submitted an unclear sentencing memorandum and; (4) failed to argue the different interpretations of loss. Johnson argues that had his attorney undertaken these actions, the Court more likely than not would have calculated Johnson's loss below $2.5 million. The sentencing guidelines prescribe an 18 level enhancement for a loss between $2.5 and $7 million. This enhancement contributed to Johnson's 87 month sentence. However, since the Court reasonably calculated that the loss amount was more than $2.5 million, Johnson fails to demonstrate prejudice under *Strickland*.

The Court does not know what Johnson is talking about when he says his attorney submitted an unclear sentencing memorandum. More importantly, even if it was, it certainly was not a constitutional violation. And, Johnson fails to demonstrate that had his counsel requested an evidentiary hearing, or argued the different interpretations of loss, the outcome would have been different. Most importantly, the Court reasonably calculated Johnson's loss.

In mortgage fraud cases, the Sixth Circuit sanctions a two-step approach to determine loss. *United States v. Wendlandt*, 714 F.3d 388, 393-94 (6th Cir. 2013). First, under U.S.S.G. § 2B1.1, the court must use the greater of actual or intended loss. *Id*. at 393 (citing U.S.S.G. § 2B1.1 cmt. N. 3(A)). "Actual loss will usually be the appropriate measure in mortgage fraud cases

involving straw buyers." *U.S. v. Kerley*, 784 F.3d 327, 347. Second, " ' the district court must reduce the loss by the amount of money the victim recovered by selling the collateral, or the fair market value of the property at the time of sentencing if the victim has not disposed of the collateral. ' " *Id*. (quoting *Wendlandt*, 714 F.3d at 394).

Under U.S.S.G. § 2B1.1 App. Note 3(A)(i) " 'Actual loss' means the reasonably foreseeable pecuniary harm that resulted from the offense." In its sentencing memorandum, the Government based its loss calculation, in part, on *United States v. Washington*, 643 F.3d 1180, 1184 (10th Cir. 2011), which stated "[w]here a lender has foreclosed and sold the collateral, the net loss should be determined by subtracting the sales price from the outstanding balance on the loan." Using this formula, the Government calculated loss at $4,933,542, well above the $2.5 million threshold.

Johnson argues that the loss amount would have been below $2.5 million had his counsel taken other steps. First, Johnson argues that his counsel ineffectively argued that the Court should have calculated his loss by subtracting the loan amount from the foreclosure sales price, rather than from the price at which the property actually sold. While the argument failed to persuade the Court, "an ineffective assistance of counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken." *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Trial counsel made a reasonable argument; it simply failed to persuade the Court.

Second, Johnson takes issue with his counsel's failure to argue that the properties were not disposed of in a reasonable time. Johnson relies on *Robers v. United States*, 143 S.Ct. 1854, 1860 (2014) (Sotomayor, J., concurring), which says "if a victim chooses to hold the collateral rather than to reduce it to cash within a reasonable time, then the victim must bear the risk of any subsequent decline in the value of the collateral, because the defendant is not the proximate cause of the decline." Here, although some of the properties were held for months – and in some

instances for years – Johnson's claim lacks merit because he provides no evidence that the owners acted unreasonably in not selling until they did. Johnson relies on his own conclusory allegations. *Robers* held that "real property is not a liquid asset, which means that converting it to cash often takes time," and that "such delays are foreseeable." *Id.* Johnson fails to demonstrate that the owners unreasonably held on to the property.

Johnson's remaining claims fail. Even if the Court concedes that it improperly calculated the loss, the loss amount would still total over $2.5 million. Johnson claims that the Government did not credit any value to many of the properties, and in addition, used "nominal fees" for many others. He also claims that the Court failed to credit mortgage payments that he or others made on the properties. But, removing these properties from the total loss calculation and using Johnson's estimate of credit, the loss amount is still above $2.5 million. Therefore, the failure of Johnson's attorney to address these aspects of the loss calculation did not prejudice Johnson.

In the context of calculating loss from mortgage fraud, "[r]easonableness does not require exact computation." *United States v. VanderZwaag*, 467 App'x 402, 412 (6th Cir. 2012). Rather, the Court must only make a reasonable estimate. Here, the Court reasonably calculated the loss by subtracting the loan amount from the amount of collateral received by selling the properties. Because the Court made a reasonably foreseeable loss calculation, Johnson's claim that his attorney was ineffective with respect to calculating the loss amount fails.

**D. Ineffective Assistance of Counsel claim is dismissed: Johnson has not demonstrated that he suffered prejudice from Appellate Counsel.**

Johnson makes a totally convoluted argument concerning appellate counsel, that since he had hired this lawyer to handle an appeal, counsel could not "accomplish an effective appeal of 'all' possible issues by an Appellate Counsel if they simply 'rely wholeheartedly' on trial counsel's filings and briefs without review for error or to assess any case on their own and with

their own perceptions and perspectives." (Doc. 209 at 23).

Boiled to its essence, Johnson says appellate counsel did not know of the Rule 11 appeal waiver, that trial counsel filed a Notice of Appeal despite the waiver, and that once that was done, appellate counsel could not file a Rule 35 motion under the Federal Rules of Criminal Procedure Johnson wanted him to file concerning loss amount.

Johnson is correct: the significance of the filing of the Notice of Appeal was that it deprived this Court of jurisdiction to consider a Rule 35 motion under the Federal Rules of Criminal Procedure. On April 4, 2012, Johnson's trial counsel filed a Notice of Appeal. On April 13, 2012, Johnson's appellate counsel filed a motion under Rule 35(a) to correct sentence, but the pending Notice of Appeal precluded the Court from considering the Rule 35(a) motion.

"It is well settled that the filing of the notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). "It is thus clear that the district court lack[s] jurisdiction to consider or act upon [a] Rule 35 motion after [a] Notice of Appeal had been filed." *Id.* at 1382.

But, even if the Notice of Appeal had not been filed and this Court had been in a position to consider Johnson's Rule 35(a) motion, the Court would have denied it. The purpose of a Rule 35(a) motion is to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35. Johnson only wanted to rehash a matter already disposed of by the Court at sentencing; his "proposed loss amount was already rejected by the Court and cannot be corrected or amended under a Rule 35(a) motion." (Doc. 170 at 1). Thus, Johnson has not demonstrated he was prejudiced by his appellate counsel's failure to figure out there was an appeal waiver, and somehow withdraw the Notice of Appeal; Johnson would have gotten no relief through a Rule 35 motion.

**E. Ineffective Assistance of Counsel claim is dismissed: Johnson has not demonstrated that he suffered prejudice from Appellate Counsel because Counsel Failed to notify him about the Government's Motion for Restitution.**

Johnson argues he was denied effective assistance of appellate counsel because counsel failed to notify him of the Government's Motion for Restitution. Johnson says because of this failure, he was not afforded the opportunity to present information to the Court to reduce the restitution amount. Johnson has not demonstrated that he was prejudiced by appellate counsel's actions.

18 U.S.C. § 3663, the Mandatory Victim Restitution Act (MVRA), forces certain defendants to pay restitution. 18 U.S.C. § 3664 is the procedural mechanism for enforcing § 3663. The purpose of the MVRA is to compensate victims for their losses. Section 3664(f)(1)(a) states "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664. The Supreme Court, however, held that "the loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order." *Hughey v. United States,* 495 U.S. 411, 420 (1990).

Where parties dispute the amount of restitution, § 3664(e) places the burden on the Government to prove that it has correctly calculated the figures:

> [a]ny dispute as to the proper amount of type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of loss sustained by a victim of the offense shall be on the attorney for the Government.

*Id.* When calculating loss, "[a] sentencing court may resolve restitution uncertainties with a view towards achieving fairness to the victim, so long as it still makes a reasonable determination of appropriate restitution rooted in a calculation of actual loss." *United States v. James,* 564 F.3d 1237, 1246 (10th Cir. 2009). The Sixth Circuit notes that "loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information." *United States v. White,* 492 F.3d. 380, 416 (6th Cir. 2007). A court must certify that restitution is reasonably calculated to only compensate victims for actual losses.

Many circuits courts use the "net loss" or "off set" method to determine victim's losses. The Tenth Circuit notes that "[w]here a lender has foreclosed and sold the collateral, the net loss should be determined by subtracting the sales price from the outstanding balance on the loan." *United States v. Washington,* 634 F.3d 1180, 1184 (10th Cir. 2011). Therefore, "when calculating loss for restitution purposes, a court must subtract any recouped losses from the original loan to obtain the loss figure." (Doc. 189 at 3). This guarantees that victims are only compensated for what it loss as a result of defendant's actions.

The Government must prove by a preponderance of the evidence that the restitution amount is accurate. The Government met its burden. First, the Government established a reliable and accurate method to calculate the loss figure. Second, the Government appropriately used the foreclosure sale price to identify the value of the property that was recouped.

The Court accepted the Government's method of calculating the loss figure, and the use of foreclosure sale price to identify the value of property that was recouped. The

11

Government explained that it calculated its figures by using the methods detailed in *Washington*:

> The banks provided loans totaling $5,898,550 to straw buyers involved in the scheme, after each home involved in this scheme went into foreclosure, the sales of the homes only recouped $965,008, leaving a total loss account of $4,933,542 *** [U]suing the calculations approved by the Tenth Circuit in the *Washington* case – a case that is cited with approval by Johnson in his memorandum – the loss amount is nearly $5 million.

(Doc. 155 at 3-6).

Johnson says that he was not credited for payments made to the six properties in question before entering foreclosure. The Second Circuit held this in *United States v Boccagna,* 450 F.3d 107, 114 (2nd Cir. 2006):

> The statute [3663] is silent… on the question of how the referenced property is to be valued… the law recognizes a number of reasonable measures of property value,… we construe "value as used in the MVRA to be a flexible concept to be calculated by a district court by the measure that best serves Congress's statutory purpose… Notwithstanding the general reliability of fair market value as a measure of property value, in some circumstances other measures of value may more accurately serve the statutory purpose to ensure a crime victim's recovery of he full amount of his loss.

12

*Id.*

Accordingly, the Court has discretion to determine the appropriate measure of value of a victim's loss for restitution purposes. Because the court reasonably calculated Johnson's restitution, Johnson has not satisfied the prejudice prong of *Strickland.*

### V. Certificate of Appealability and *In Forma Pauperis* Status on Appeal

Petitioner may not appeal this Court's decision unless a district or circuit judge issues a certificate of appealability, 28 U.S.C. § 2253 (c)(1)(A); Fed. R. App. P. 22(b)(1), and a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court declines to issue a certificate of appealability Nevertheless, Petitioner may proceed *in forma pauperis* on appeal if he chooses to appeal this decision. 28 U.S.C. § 1915(a)(3).

The Court **DENIES** Johnson a certificate of appealability.

### VI. Conclusion

Johnson's ineffective assistance of counsel claim is **DENIED**; Johnson cannot demonstrate that he suffered any prejudice.

**IT IS ORDERED**.

Dated: 7/30/2015

S/Victoria A. Roberts
United States District Judge

13