UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Case No. 08-20384
                                District Judge Victoria A. Roberts

JONATHONE J. JOHNSON,

    Defendant.

_____/

## ORDER ON RESTITUTION ISSUE ON REMAND FROM THE SIXTH CIRCUIT

Jonathone Johnson ("Johnson") pled guilty to one count of wire fraud in connection with a mortgage fraud scheme in October 2011. On March 30, 2012, he was sentenced to 87 months' imprisonment and 3 years' supervised release, and was ordered to pay $90,100 in restitution to Bank of America. The Court granted the Government leave to submit additional information on restitution. After the Government submitted additional information from the FDIC, the Court ordered Johnson to pay $678,000 more in restitution to the FDIC, as the receiver of mortgages loaned by NetBank. This information was provided on a spreadsheet and six worksheets, one for each of the six mortgage loans in question.

On December 24, 2014, Johnson filed a 28 U.S.C. § 2255 motion to vacate his sentence; the Court denied it. Johnson appealed. On March 24, 2016, the Sixth Circuit granted a certificate of appealability on one issue: whether defense counsel was ineffective in failing to raise a "payments-made" argument in response to the Government's motion to increase restitution to include the NetBank mortgages. Following briefing, the Sixth Circuit issued an order remanding the case for further

1

proceedings on the restitution issue. Specifically, the Sixth Circuit noted that "because the district court was unaware of the errors contained in the government's worksheets and the government concedes that it is unclear whether Johnson was credited for pre-default loan payments the case will be remanded to the district court to consider these issues in the first instance." *Johnson v. United States*, 2017 U.S. App. LEXIS 17705, *5 (6th Cir. Mar. 16, 2017).

The parties fully briefed the restitution issue on remand. The Court held a hearing on March 13, 2018. The Court, ruling from the bench, held that: 1) the remand from the Sixth Circuit was limited to the errors in the Government's worksheet, and was not a general remand; 2) the Government's inclusion of the loan advance and potential recovery dollar amounts of the property at 156 Lawrence Street in calculating restitution was proper, because doing so corrected a spreadsheet error; and 3) Johnson was not prejudiced by counsel's failure to raise a "payments-made" argument, because when such payments are taken into consideration, the restitution Johnson was ordered to pay is less than the corrected amount. For the reasons stated on the record, the restitution stands.

At the March 13, 2018 hearing, Johnson requested that this Court grant a certificate of appealability on whether all thirteen NetBank properties should be taken into consideration when calculating restitution, not just the six properties the Government initially sought restitution for. The Court denied issuing a certificate of appealability. Such a certificate may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Johnson failed to raise this issue in his § 2255 petition, and it was never presented to the Sixth Circuit. He therefore

2

cannot show a substantial denial of a constitutional right, or that reasonable jurists could differ on this issue. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Finally, Johnson requested that the Court write a letter to the Bureau of Prisons, recommending that he be placed on home confinement for the remainder of his sentence. The Court agreed to do so. A letter will be written by the Probation Department making this recommendation, which the Court will sign.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 16, 2018